## Stafford & Nuttall *versus* Henry.

1. In every issue each party has a right to the testimony which will sustain his theory, if, when established, it would maintain his part of the issue or destroy his adversary's.

2. Manufacturers had contracted with the plaintiff to build him certain machinery, for which he had paid the price, or part of it; the plaintiff made a contract with the defendants, which he alleged was a sale of his chance of getting it, and gave them an order for it; the defendants alleged that it was a sale of machinery, built and ready for delivery. Evidence that when the order was presented the manufacturer denied that the plaintiff had any machinery, *held* to be admissible.

3. It was at the foundation of the defendant's case to show that the plaintiffs' order for the machinery was protested; and as the contract rested in parol, the positions of the parties and their claims were for the jury, and could not be peremptorily ruled by the court.

ERROR to the District Court of *Philadelphia.*

This was an action of *assumpsit* by Henry S. Henry against Samuel Stafford and Elton Nuttall, trading as Stafford & Nuttall, to recover a balance of $900 alleged to be due plaintiff for machinery sold.

On the 26th of September 1863, Hindle & Son contracted with the plaintiff as follows:—

"Mr. H. S. Henry,

"Dear Sir:—We hereby engage to build you the following machinery, for the sum hereafter named, and to have the same ready for delivery on or before 1st day of February next.

| | |
|---|---:|
| Namely—5 Breakers, 48 by 42, | $1550.00 |
| 3 Condensers, 48 by 42, | 1020.00 |
| 1 Mule, 250 Spindles | |
| 3 inch Gauge, 228 | ·720.00 |
| Mule Head, | 200.00 |
| | $3490.00 |
| | 190.00 |
| | $3300.00 |

"Respectfully, yours,
                    "EDMUND HINDLE & SONS."

"We will forfeit $5 for every day we have after the above date.
                    "EDMUND HINDLE & SONS,
"Sept. 26th 1863.          "per WILLIAM KETTLEWELL."

"Received, September 26th 1863, of Mr. H. S. Henry, $1000 on account of the within machinery, and for security that we build said machinery, we gave to H. S. Henry our note at four

[Stafford v. Henry.]

months, of $1000, to hold the same until we deliver machinery to the same amount, and then we to receive back our note.

"$1000.　　　　　　　　" EDMUND HINDLE & SONS,
　　　　　　　　　　　　　" per WILLIAM KETTLEWELL."

· A witness for plaintiff testified that in September 1864, Stafford bargained with Henry for a condenser and breaker for $1400 cash, Stafford saying that he wanted an order on Hindle for the machinery. ·

Henry gave him this order:—

" Messrs. Hindle & Sons,
　" Please to let Samuel Stafford have the condenser that you should let me have to-day, August 23d 1864.
　　　　　　　　　　　　　　　" H. S. HENRY."

Stafford agreed to take the risk of them himself: the machines were those that Henry had ordered to be made by Hindle.

Another witness testified to the bargain, and that Stafford said " he would run all risk of getting them; ＊ ＊ he would take them on his own risk." The witness went about two weeks after on behalf of plaintiffs to defendants, to collect the bill: the defendants paid $500 on account, and said he would pay the balance: Stafford showed him the cards—said he wanted a roller and they would be complete.

The plaintiff also proved that Stafford came to Hindle's with Henry's order, which was read by Hindle; that three cards and a mule were delivered to the defendants, and that there was a breaker and condenser at Hindle's.

On behalf of the defendants, Hindle testified to Stafford presenting Henry's order: Hindle told Stafford that Henry had no machinery there; there was none there but what Stafford had ordered; that the machinery (a breaker, condenser, &c.) which Stafford had got, was made on his own order and paid for by defendants; that he directed a letter to be written to Henry in answer to the order. ·

The defendants further offered to prove by Jonathan Hague, that when the order for the machinery was brought from plaintiff, by Stafford, to Hindle & Sons, Hindle & Sons' man stated that there was no such machinery there, and that there was no machinery there of plaintiffs, and that the following letter was then written by Hindle & Sons in reply to said order, and was by them handed to said Stafford, to be delivered to the plaintiffs, and further to prove that the said letter was taken by said Stafford forthwith to the said Henry, and delivered to him: said letter is as follows, to wit:—

[Stafford *v.* Henry.]

　　　　　　　" Good Intent Machine Works,
　　　　　" West Philadelphia, November 24th 1864.
" Mr. H. S. Henry,
　　" Sir :—The condenser and breaker delivered to Messrs. Stafford & Nuttall have been made according to their order and not by transfer, and any machinery you wish to transfer to this or any other party, you must arrange with the old man, Edmund Hindle, in person, as no other arrangement will be allowed.
　　　　　　　　　" Yours, respectfully,
　　　　　　　　　　　　　　EDWARD HINDLE."

　　The offer was rejected and exception noted. There was a verdict for the plaintiff for $968.11. The only error assigned, which is considered in the opinion of the court, is the rejection of the above-stated offer.

　　*G. H. Earle,* for plaintiffs in error.—There is nothing in the case to induce the belief that the defendants were to pay $1400 for machinery they never got. The testimony offered was part of *res gestæ ;* its rejection excluded part of a correspondence after another part had been admitted. Rejecting it prevented defendants from commenting on its effect. The letter of ‘Hindle would have shown what was meant by the defendants taking the machinery at their own risk. One of the counts was for goods sold and delivered, and a witness testified to a delivery : the letter rejected would have contradicted that.

　　A sale founded on misrepresentation is void, even if made through mistake or ignorance : Story on Cont. § 506. In questions of fraud, misrepresentation, &c., great latitude of evidence is allowed : Gest *v.* McJunkin, 2 Rich. 154. When a contract is ambiguous, the law will supply what is necessary to effectuate the intention of the parties : Story on Con., § 641. Where there is a total defect of title, the buyer may rescind the contract : Id. § 857.

　　Declarations forming part of *res gestæ* are evidence : Kirby *v.* State, 7 Yerg. 259 ; Evans *v.* Jones, 8 Id. 461. Declarations of an agent or person in possession of personal property are part of *res gestæ* : Wood *v.* Clark, 24 Pick. 35 ; Oden *v.* Stubbelfield, 4 Ala. 40. An explanatory paper is evidence : Helser *v.* Pott, 3 Barr 179.

　　*H. Laycock,* for defendant in error.—The evidence was conclusive that the defendants had bought the plaintiff's right, title and interest in the machinery ; and that is what is claimed in the declaration.

　　There was no question of " fraud," &c. Everything was conclusively proved. There was no defect in title : the only risk

[Stafford v. Henry.]

was obtaining possession. The defendant did obtain possession. The declarations of third persons, in the absence of the parties, cannot form *res gestæ*.

*Earle*, in reply.—The rejected evidence ought to have been admitted as throwing light on an executory contract, on which there has been a total failure of consideration, which will not be enforced either at law or in equity, and to which equitable defences will be let in. See Rockafellow v. Baker, 5 Wright 319; Nace v. Boyer, 6 Casey 99; Geigar v. Cook, 3 W. & S. 266; 5 S. & R. 427; 9 Id. 80; 3 Watts 32; Kent's Com., vol. 2, § 39, p. 468; Story on Contracts, §§ 188, 203, 420, 345. Both the claim and the evidence pretend that the contract was for the purchase of a right in machinery not in existence, and the evidence shows a failure of consideration on that point.

It ought to have been admitted because it threw light on latent defects in title, and when there is a latent defect in the subject of sale, known to the vendor, and he resorts to any means or artifice to conceal that defect, this is a fraud that will avoid the contract, even although by the written terms of contract the article is sold with all faults: Baglehole v. Waters, Lord Ellenborough, 3 Camp. 154; Schneider v. Heath, Cor. Mansfield, C. J., Id. 506; Pickering v. Dowson, 4 Taunt. 779; Jones v. Bowden, Id. 847; see 5 Johns. 441; note Starkie on Evidence (1634) 1633.

The opinion of the court was delivered, March 6th 1866, by

THOMPSON, J.—In all litigated cases the theory of each side, either in law or fact, is necessarily opposed to that of the other; but each has a right to the testimony which will sustain his theory if, when established, it would maintain his part of the issue or destroy that of his opponent.

The theory of the defendant's case here was that he purchased from the plaintiff certain coal machinery, built for the latter, and ready for delivery, for which oh completion of the bargain, he received an order calling for it deliverable on the day of its date; that the order was presented to the manufacturer for the machinery and refused, and that notice of this was given to the plaintiff. The plaintiff's theory was, that he did not sell specific machinery to the defendant, but only his chance of getting it from the manufacturers who had contracted to build it, and to whom he had paid a portion, if not all, the contract price, and that the order given, as testified to by his witness, was to carry out this arrangement. These were the theories of the parties. The defendant, among other things to support his, offered to prove by one Hague that he was present when the defendant presented the plaintiff's order, and to which it was answered by the manu-

[Stafford *v.* Henry.]

facturers' man, or agent, in the shop, that there was no such machinery of plaintiff's there, and that Hindle & Sons then wrote a letter to the plaintiff, which it was proposed to prove was delivered to him, in connection with the testimony of the witness to the same effect, refusing the order. The witness and the letter, were both objected to, and overruled.

The defendant's theory was not without evidence, that it was the true nature of the transaction, and if it was, it does not admit of a doubt that he was entitled to the evidence. He could not get the machinery without an acceptance of the order. To prove it protested lay at the very foundation of his case. To say that the evidence was inadmissible, was to assume the plaintiff's theory to be true, and thus exclude the defendant's. But as the entire contract rested in parol, the positions of the parties and their claims, were for the jury, and could not be peremptorily ruled by the court. We think there was error therefore, and that the judgment must be reversed. It is certain there is more than one discrepant circumstance in the defendant's way, if the plaintiff's testimony be true, beside the date of the written notice from Hindle & Son to the plaintiff; but this may all be explainable, and the jury will dispose of the case when the evidence is all in. We see nothing in the other assignment; indeed it would be impossible to do so, as it is not stated that the question objected to was answered at all, or shown that the answer was injurious.

Judgment reversed, and *venire de novo* awarded.