## Foster, Appellant, *v.* Carson et ux.

| 159 | 477 |
| 26 SC | ¹108 |

[Marked to be reported.]

*Mortgage—Notice.of assignment to mortgagor—Payment.*

Actual notice of the assignment of a mortgage is essential to the completion of the contract relation between the assignee and the mortgagor, and until such notice has been given the mortgagor does no wrong in making payment to the mortgagee.

*Record of assignment on margin of mortgage book.*

An assignment of a mortgage on the margin of the mortgage record is not such legal notice to the mortgagor as precludes him from setting up payments made by him to the mortgagee before he had any actual notice of the assignment.

Argued Oct. 25, 1893. Appeal, No. 144, Oct. T., 1893, by plaintiff, William Foster, from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1890, No. 853, for defendant, Robert J. Carson et ux., non obstante veredicto. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL, GREEN and THOMPSON, JJ.

Scire facias sur mortgage. Before STOWE, P. J.

Judgment was taken for $274.15, amount admitted to be due with interest, and the action proceeded for the balance in dispute. The facts appear by the opinion of the Supreme Court.

*Error assigned* was entry of judgment.

*W. K. Jennings, W. S. Thomas* with him, for appellant.— The assignment of a mortgage duly recorded is notice to all parties. Acts of April 9, 1849, § 14, P. L. 526; April 6, 1876, § 1, P. L. 18; Pepper's Ap., 77 Pa. 373.

If not authorized by law, the assignment is warranted by custom : Fisher v. Knox, 13 Pa. 622; Griffiths v. Sears, 112 Pa. 523.

*L. L. Davis,* for appellees.—The whole object of the registration acts is to protect subsequent purchasers and incumbrancers against previous deeds and mortgages, etc., which are not recorded. The recording of a deed or mortgage, therefore, is constructive notice only to those who have subsequently ac-

quired some interest or right in the property under the grantor or the mortgagor: 2 Washb. R. Prop., p. 140; Williams v. Sorrell, 4 Vesey, Jr. 389; James v. Johnston and Morey, 6 John. Ch. 417; Reed v. Marble, 10 Paige, 410.

The assignee, to protect himself, must give actual notice to the mortgagor: Bury v. Hartman, 4 S. & R. 175; Com. v. Watmough, 12 Pa. 316; Horstman v. Gerker, 49 Pa. 282; Henry v. Brothers, 48 Pa. 70.

A marginal assignment does not come within the terms of the acts of 1849 and 1876.

There is no question of custom on the record.

OPINION BY MR. CHIEF JUSTICE STERRETT, Jan. 22, 1894:

On the trial of this scire facias, it appeared among other things that the mortgage in suit was executed and delivered by the defendant Agnes J. Carson to Mary Speelman, who assigned the same, on the margin of the record thereof, to A. C. Jarrett; of which assignment the mortgagor had actual notice. The bond accompanying the mortgage was also assigned, by indorsement thereon, to said Jarrett, and a certificate of no defence, executed and acknowledged March 28, 1888, was delivered to him. On May 22, 1888, said Jarrett assigned, on the margin of said mortgage record, " to plaintiff his heirs and assigns seven hundred dollars of the moneys secured by the mortgage with interest from January 26, 1888." Same day this assignment was noted by the recorder on the back of the mortgage. The mortgagor had no actual notice of the assignment to plaintiff until after she had paid said Jarrett the entire mortgage debt, except the sum of two hundred dollars, etc.

A verdict was taken in favor of the plaintiff, subject to the opinion of the court on the question of law reserved. The facts above stated are, in substance, those upon which the question was reserved. Judgment was afterwards entered for defendants non obstante veredicto, and this appeal was taken.

Briefly stated, the question presented is whether the assignment of May 22, 1888, on the margin of the mortgage record, by Jarrett to plaintiff, was such legal notice to the mortgagor as precluded her from setting up payments made by her to Jarrett before she had any actual notice of said assignment.

The key to the solution of this question is in the principle

that the recording act was intended not for the benefit of the mortgagor, but to provide a real security for his debt.   Not being for the mortgagor's benefit, it is obviously immaterial to him whether or not the mortgage has been recorded.   His creditor may or may not avail himself of his security; but the fact of record does not alter the contract relations of the parties. The undertaking of the mortgagor is to pay, and payment wherever or however made will satisfy the debt.   He is under no obligation to make inquiry as to the record; and the mortgagee cannot allege an unsatisfied record in answer to a plea of actual payment.

If the debtor is under no obligation to take notice of tne record of his mortgage, much less must he take notice of the assignment of it.   The assignee has but an equity, and as he is bound to inquire for all the defences which the debtor may have, whether they appear of record or not, so he must give notice of the assignment if he would protect himself against subsequent payments made to his assignor: Bury v. Hartman, 4 S. & R. 175; Henry v. Brothers, 48 Pa. 70; Horstman v. Gerker, 49 Pa. 282.   "Legal or constructive notice as distinguished from actual," said Mr. Justice STRONG, in Henry v. Brothers, supra, " is that which the law regards as sufficient to give knowledge.   If the existence of knowledge is presumed from any other fact, if the presumption be juris et de jure, the other fact must be certain.   But there is no certainty that a debtor has knowledge of the entry of a judgment against him by virtue of a warrant of attorney which he may have signed, much less that he has knowledge of the assignment of a judgment. . . . A subsequent incumbrancer or purchaser must know, for it is his duty to examine the record."  · The recording act imposes no such duty on a mortgagor; it is to the interest of the assignee, not his, that the assignment should be made effectual; and it would be an intolerable hardship if every time he may wish to make a payment and obtain a credit on his debt, he should be compelled to visit the recorder's office to ascertain whether or not his mortgage has been assigned. It is therefore apparent that actual notice of the assignment is essential to the completion of the contract relations between the assignee and the mortgagor; and, consequently, until that

has been given, the mortgagor does no wrong in making payments to the mortgagee.

The court below was therefore right in entering judgment for defendants non obstante veredicto; and its judgment must be affirmed.