The Commonwealth of Pennsylvania for the use of John W. Mentzer, now to use of Allen W. Mentzer, v. John Sides, Sheriff of Lancaster County, Appellant.

[Marked to be reported.]

*Assignment—Equitable assignment—Notice—Prothonotary—Sheriff.*

An assignment by a prothonotary of the fees of his office is not binding upon the sheriff who, in ignorance of the assignment and by the direction of the prothonotary, has paid over fees belonging to the prothonotary to other parties.

A paper which purports to be an agreement on the part of J. that his income as prothonotary should be paid over to A. and that he, J., would keep a strict account of the daily income of the office and would deposit the same in bank to his own credit as prothonotary and pay it over to A. "from time to time as he may require it," does not bear the character of an absolute assignment of the income, at least so far as third persons are concerned. The literal meaning of this paper is that J. should himself collect the income, deposit it in bank to his own credit and then pay it over himself to A.

Argued May 19, 1896. Appeal, No. 176, July T., 1895, by defendant, from judgment of C. P. Lancaster Co., Dec. T., 1893, No. 9, on verdict for plaintiff. Before GREEN, WILLIAMS, MCCOLLUM, MITCHELL and FELL, JJ. Reversed.

Assumpsit on the bond of the sheriff. Before LIVINGSTON, P. J.

At the trial it appeared that on September 8, 1890, John W. Mentzer executed the following paper:

"Know all men by these presents, that I, John W. Mentzer of

Lancaster city, Pennsylvania, for a valuable consideration, do hereby promise, covenant and agree to and with Allen W. Mentzer of Ephrata, Pennsylvania, that all the income of the office of prothonotary which I now hold, shall be paid to the said Allen W. Mentzer his heirs and assigns, said income is to consist of every sort of profit which can be derived from said office, and is payable under this agreement to said Allen W. Mentzer, from August 23, 1890, to the end of my official term, I further covenant, promise and agree to keep a strict account of the daily income of said office, and deposit the same in the Farmers' National Bank of Lancaster, in the name of John W. Mentzer, prothonotary, and pay the same over to the said Allen W. Mentzer, from time to time as he may require it, to reimburse him for advancements made to pay my official taxes due the state, and other debts of said office. This agreement is further understood to cover the income of said office after my term is expired. Witness my hand and seal, this 8th day of September, A. D., 1890."

Defendant offered to prove that after his term as sheriff began, and up to March 10, 1891, John Mentzer gave direction to him to pay moneys which he has been proved to have paid on account of judgments to November term, 1889, No. 21 and No. 23; and that in pursuance of that direction he did make these several appropriations of payments that were made up to March 10, 1891; that at different times the said Mentzer demanded money of him, and said to him he supposed that enough money had been already received by him to have paid the debt for which those judgments were; that he gave him to understand the situation from time to time that the debt was not paid; that he acquiesced in the payments and appropriations he had made, and said: "Continue on with the payments."

(Objected to for the reason that in September, 1890, transfer was made, and the control of these fees had passed out of the hands of John W. Mentzer, and there is no question of estoppel here. Further, it is not proposed to show that John Sides advanced any money in consequence of what John Mentzer may have said to him as set forth in the offer, and, therefore, it is not admissible. The transfer is not within the recording act, and was not bound to be upon record; and the actual owner of the fees at that time, being personal property, has the right to

assert his ownership from the time he acquired it, the 10th day of September, 1890. Nothing John W. Mentzer may have said or done after September 10, 1890, could affect the right of the use plaintiff to recover.

The Court: This property was, as I understand your agreement, transferred in September to A. W. Mentzer and became his, the same as if it had been any other personal property. And if he had Allen Mentzer's horse and gave it to Mr. Sides in payment of a debt of his, it would hardly be supposed that would destroy the title of Allen Mentzer to the horse. That is precisely like this case. He had a title to it which was above Mr. John W. Mentzer's title, who had none, and, having none himself, could not convey it to John Sides. Offer disallowed. Defendant excepts and bill sealed. [1]

Defendant offered to prove by himself that, before he had any notice from John Mentzer of any attempted assignment or transfer by him to Allen W. Mentzer, he, John Sides, by direction of John W. Mentzer, paid to A. S. Bard $183.20 of the moneys received by him and earned by John W. Mentzer while prothonotary, on account of a judgment in the court of common pleas of Lancaster county, A. S. Bard v. John W. Mentzer, to November term, 1889, No. 21, being the same debt as is evidenced by the judgment in the same court and same term, No. 23—A. S. Bard v. John Sides.

Objected to by plaintiff, because the sheriff has no right to appropriate any debt that a suitor or anybody may owe him who was a party to an execution in his hands ; that is, he cannot withhold money he handles in his official capacity to the payment of any debt that may be due him to anybody who has an interest in the process.

Disallowed on the same ground as the last. Defendant excepted and bill sealed. [2]

Plaintiff's point and answer were as follows :

Under the law and evidence in this case the verdict must be in favor of the plaintiff for $313.04, with interest from January 1, 1894, to June 7, 1895. *Answer :* Plaintiff proves $313.04, and asks us to give you binding instructions to find a verdict for the plaintiff for the sum of $313.04, with interest from January 1, 1894, until date June 7, 1895, which the court directs you now to do. [3]

Verdict and judgment for plaintiff for $313.04. Defendant appealed.

*Errors assigned* were, (1, 2) ruling on evidence, quoting the bills of exception; (3) above instruction, quoting it.

*J. W. Johnson* and *Geo. Nauman,* with them *John E. Malone,* for appellant.

*J. Hay Brown* and *Thomas Whitson,* with them *W. U. Hensel,* for appellee.

OPINION BY MR. JUSTICE GREEN, July 15, 1896 :

Whatever may be the effect of the paper signed by John W. Mentzer, dated September 8, 1890, it was certainly of no binding force as to the defendant Sides until he had notice of it and of its contents. The paper purports to be an agreement on the part of John W. Mentzer that his income as prothonotary should be paid over to Allen W. Mentzer, and that he, John W. Mentzer, would keep a strict account of the daily income of the office, and would deposit the same in bank to his own credit as prothonotary, and pay it over to Allen W. Mentzer, "from time to time as he may require it." The literal meaning of this paper is, that John W. Mentzer should himself collect the income, deposit it in bank to his own credit, and then pay it over himself to Allen W. Mentzer. If John W. Mentzer was to collect the income he must necessarily have control of it in order to obtain it from those from whom it had to be collected, and the duty of paying it over to Allen W. Mentzer was a personal duty to be performed by himself. This feature of the instrument does not bear the character of an absolute assignment of the income, at least as far as third persons were concerned. Such persons having any part of the income in their hands would still be bound to pay it to John W. Mentzer upon his demand. So far as the assignments of error in this case are concerned, however, it is not of much importance how that question is considered, because in any event the defendant, Sides, unless he had notice of the paper, was in no degree bound by it. So long as he was in ignorance of it, any payment he would make, either to John W. Mentzer, or to any person to

whom he directed it to be paid, was a perfectly good payment, which would relieve him from any liability to Allen W. Mentzer. If this were not so A. W. Mentzer might keep the paper in his pocket until all the income of John W. Mentzer in the hands of Sides had been paid over to John W. Mentzer, or other persons upon his order, and then come upon Sides and compel him to pay it all over again. As a matter of course this could not be done.

Upon the trial the defendant offered to prove that he had paid out a part of the fees in his hands belonging to John W. Mentzer, to A. S. Bard, and to other persons not named, at the instance and request of John W. Mentzer, and before he, Sides, had any notice of any assignment or transfer to A. W. Mentzer. This offer was rejected on the theory that the paper of 1890 was an absolute transfer of all of John W. Mentzer's interest in the moneys in the hands of Sides, and that John W. Mentzer's right to any of the money had ceased. It is extremely doubtful, to say the least, whether this would be so on the fair construction of the paper, when the rights of third persons were sought to be affected, but it was grave error to reject this offer of proof in any event, for the simple reason that the payments were made without any knowledge of the paper on the part of Sides. Most assuredly he was not bound by it unless he was notified of its existence, and it was a part of the offer of proof which must be accepted as verity that he had no such notice.

This view of the case disposes of all the assignments of error and they are all sustained.

Judgment reversed and new venire awarded.