## Walker *v.* Emerich, Appellant.

Argued February 5, 1930.   Before MOSCHZISKER, C. J., WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

*F. Lyman Windolph,* with him *Amos E. Burkholder,* for appellant.—Conceding that the verdict of the jury settled the terms of the contract in accordance with plaintiff's contention, it is obvious that, without more, defendant was entitled to have the jury pass on the conflicting versions as to what his check represented.

It was for the jury rather than the court to determine the circumstances under which defendant's check was given and what it represented: Stafford v. Henry, 51 Pa. 514; O'Maley v. Pugliese, 272 Pa. 356; Foster v. Carson, 159 Pa. 477.

Payments by the obligor to the obligee, without notice of any assignment of the bond, are good: Brindle v. M'Ilvaine, 9 S. & R. 74.

The assignment in the present instance was not by act of law but by the voluntary act of the assignor, in accordance with the provisions of the common law and not by virtue of any act of assembly: Lee v. Sallada, 7 Pa. Superior Ct. 98; Rider v. Johnson, 20 Pa. 190.

The law of assignments as applied in cases other than those involving mortgages and bonds or notes is in har-

mony with the cases just cited: Com. v. Sides, 176 Pa. 616; May v. Newingham, 17 Pa. Superior Ct. 469.

It is well settled in Pennsylvania that a payment made by a mortgagor to his mortgaee in the absence of notice of the latter's assignment of the mortgage is in relief of the mortgagor's indebtedness: Foster v. Carson, 159 Pa. 477.

*K. L. Shirk*, for appellee.—The delivery of the deed of assignment for the benefit of the creditors of the assignor vests in the assignee a complete title to all debts owing to the assignor and gives to the assignee the exclusive right thereafter to accept payment of such debts: Golden's App., 110 Pa. 581; Wright's Est., 182 Pa. 90; Hodenpuhl v. Hines, 160 Pa. 466; Read v. Robinson, 6 W. & S. 329; Christian's App., 102 Pa. 184.

OPINION BY MR. JUSTICE SADLER, March 17, 1930:

Wohlsen, a contractor, made an assignment on October 3, 1924, for the benefit of creditors, to Walker, and the deed was recorded on January 14, 1925. The former had agreed to build certain houses for Emerich, the defendant, the work to be performed under a contract, the terms of which had not been reduced to a signed writing and were disputed by the respective parties. The builder insisted that all costs were to be paid by the one who employed him, and, in addition, he was to receive 8% of the cost for his services, while the owner claimed the sum of $2,000 had been fixed as compensation. The dispute as to the oral understanding was submitted to the jury in the proceeding instituted by the assignee to recover the balance demanded as due, and the version of Wohlsen was accepted by it, and a verdict rendered in plaintiff's favor for the amount claimed, less certain admitted credits.

Emerich contended the cost of the buildings had been paid, and this was not disputed, but he insisted that his further liability was limited to $2,000, less payments

made. Though the jury found that the agreement to recompense was on a percentage basis, as the contractor claimed, yet the question remained as to the amount unpaid, assuming the 8% charge to be the proper measure of the indebtedness due. Checks were offered showing payments on account, but one for $500, dated October 10, 1924, and admittedly cashed by Wohlsen, was not received in evidence as a credit, on the theory that it was given and paid seven days after the assignment for the benefit of creditors had been executed, though the latter was not recorded for more than two months thereafter, and admittedly the defendant had no knowledge of the fact when he turned it over on account of the sum remaining unsatisfied. The learned court below was of opinion that the transfer to the assignee was effective as of its date, and moneys later delivered to the assignor were not proper subjects of credit. The correctness of this conclusion is the narrow question upon which the present appeal turns.

Chief Justice BLACK said, in Gaullagher v. Caldwell, 22 Pa. 300, 302, a case frequently cited with approval: "It is impossible to conceive upon what principle of justice a debtor should be prejudiced by an assignment of which he knows nothing. If the party whose interest and duty it is to give him notice, so that he can regulate his conduct according to his new relations, makes it a point to keep him ignorant, he should certainly not be compelled to suffer; since one man is not to answer for the default of another. Down to the moment of notice, the debtor may do whatever he could legally have done if no assignment had been made." It is well settled that the law casts upon the assignee the duty of notifying the obligor or the promisor, in order to protect his rights thereto and prevent the extinguishment of the debt by the payment to the obligee or promisee: May v. Newingham, 17 Pa. Superior Ct. 474. This rule has been applied where payments are made to the apparent owner of a mortgage without notice of assignment (O'Maley v.

Pugliese, 272 Pa. 356; Foster v. Carson, 159 Pa. 477),
the obligee in a bond (Brindle v. M'Ilvaine, 9 S. & R.
74; Bury v. Hartman, 4 S. & R. 175), the plaintiff in a
judgment (Lee v. Sallada, 7 Pa. Superior Ct. 98), though
the record showed a transfer to another (Henry v.
Brothers, 48 Pa. 70), the payee in a note (Rider v.
Johnson, 20 Pa. 190), or one entitled to record fees,
though assigned: Com. v. Sides, 176 Pa. 616. Of course,
the contrary would be true if the holder had actual no-
tice of the assignment of the obligee's rights (North
Penn Iron Co. v. International Lithoid Co., 217 Pa.
538), or of facts which would reasonably impart knowl-
edge of the change in the power to receive sums in satis-
faction of the claim: Tritt v. Colwell, 31 Pa. 228. One
making the payment, or having the right to a set-off,
may also estop himself from demanding that a credit be
allowed, as by executing a certificate of no defense to one
who acts on the strength thereof (Fort Pitt R. E. Co. v.
Schaefer, 96 Pa. Superior Ct. 497), but no such situa-
tion appears here.

Though the principles stated were not controverted
below, a distinction was drawn because the assignment
involved was made for the benefit of creditors seven days
before the payment for which credit was claimed, and
the present suit was brought by the assignee in his offi-
cial capacity. The position taken by the learned court
below cannot be sustained. It may first be noted that
state insolvent laws are enforceable notwithstanding
federal bankrupt laws, which do not render the former
ineffective and void (7 C. J. 21), as to those excluded
from their operation, such as farmers (Miller v. Jack-
son, 34 Pa. Superior Ct. 31), or, in other cases, until
called into operation by appropriate proceedings, though
thereafter the right to take further steps under the state
law terminates: 7 C. J. 23; Potts v. Smith Mfg. Co., 25
Pa. Superior Ct. 206; Lambert v. National Hog Co., 72
Pa. Superior Ct. 378. But Wohlsen was not declared a

bankrupt in this case, and we are therefore concerned only with insolvency as regulated by state laws.

Under the earlier Act of March 24, 1818 (7 Smith Laws 131), which the lower court conceived to have some controlling force, though expressly repealed by the Act of June 4, 1901, P. L. 404, an assignment could be made for the benefit of creditors, which, as to the assignor and assignee, or the creditors of the former, was controlling from the date of delivery (Golden's App., 110 Pa. 581; Read v. Robinson, 6 W. & S. 329; Seal v. Duffy, 4 Pa. 274; Wright's Est., 182 Pa. 90; Hodenpuhl v. Hines, 160 Pa. 466), yet this was not so as to innocent third parties. See Christian's App., 102 Pa. 184. Even if the contrary had been true, that statute provided for a recording within thirty days,—in the present case more than two months had elapsed,—and if this was not done, it was ineffective: Trickett on Assignments 32; Colvin v. White, 200 Pa. 277. This recording was required to bind innocent persons without notice, so that the deed of assignment should be placed on record in the county where the land involved was situated, as well as in that where the assignor had his residence or principal place of business: Dougherty v. Darrach, 15 Pa. 399. The same was held to be so when the reverse situation as to place of recording appeared: Reigart's App., 4 Pa. 477.

It is, however, unnecessary to refer further to the Act of 1818, above mentioned, for the first six sections, relating to insolvency, were expressly repealed by the Act of 1901. By the 9th section of the latter statute, the assignment must be recorded forthwith, and a copy filed within five days in the court of common pleas with the necessary schedules. Creditors must be given notice of this fact within twenty days (section 14). The 10th section requires the assignee also to record his instrument in other counties, where property of the assignor is located, within fifteen days, and provides, as a penalty for failure, a charge against the assignee for any amount

lost by outsiders as a result of neglect to do so. From this provision, the conclusion seems to have been drawn by the court below that the assignment was effective from the date of delivery as to the whole world, and that innocent third parties who might satisfy their obligations, in whole or in part, thereafter, by transferring amounts due to the assignor, before notice, could not claim credits against the estate, though the assignee might be liable for loss.

Such construction, violating the well recognized rule that such payments are valid, cannot be sustained, particularly in view of section 17 of the same act (P. L. 413), which provides "(1) No purchase or assignment of the real or personal property of such insolvent, made bona fide and for a valuable consideration, before the recording of the assignment,......shall be invalidated or impeached thereby," and, "(2) If any person indebted to such insolvent, or having possession of any of his property, shall bona fide pay the said debt or deliver the said property to the said insolvent, without having had actual notice or knowledge of such petition or assignment, he shall not be liable to pay or deliver the same to such assignee or receiver." The provisions quoted are a plain recognition of the equitable rule always existing in this State that the obligor, who innocently pays without knowledge of a transfer of his obligation by the obligee, shall be protected.

It follows from what has been said that the check for $500, dated October 10, 1924, should have been received in evidence, and submitted to the jury. It may be, as the clerk for the insolvent testified, that this payment was in satisfaction of a labor payroll for which Emerich was responsible, but that was denied by the latter, and raised a question of fact to be solved by the tribunal provided for the solution of such questions. The evidence supporting the theory of defendant should have been received (Stafford v. Henry, 51 Pa. 514), and the

16

assignments of error relating to the refusal to admit the check referred to in evidence should be sustained.

The judgment is reversed, and a venire facias de novo awarded.