Nicholas et al., Appellants, *v.* Gordon, Secretary of Banking et al.

Argued January 29, 1935. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

470

*James K. Peck,* with him *George L. Peck,* for appellants.

*M. J. Martin,* with him *Paul G. Collins, Harold A. Scragg* and *O. B. Partridge,* for appellees.

OPINION BY MR. JUSTICE SIMPSON, March 25, 1935:

Appellants seek to reverse the court below for refusing to allow them to set off their bank accounts in the Anthracite Trust Company, now in the hands of the secretary of banking, against a mortgage long since given by them to the trust company. The relevant facts are undisputed, and, notwithstanding the interesting, extended and able argument of their counsel, the applicable law is not in doubt, and under it the decree must be affirmed.

On December 1, 1922, appellants executed and delivered to the trust company, twenty $1,000 bonds, in each of which they promised to pay this sum to the trust company "its certain attorney, successors or assigns . . . at the expiration of five years from the date hereof." To secure the payment of all the bonds, appellants also gave to the trust company a mortgage in the sum of $20,000, charged upon the three tracts of land therein described. Throughout the mortgage and the bonds, appellants' covenants and agreements run in favor of the trust company, "its successors and assigns," and, in the bonds and mortgage alike, the covenants for ultimate payment of the $20,000, provide that it shall be made to the trust company "its successors and assigns."

Upon ample evidence the court below found as facts that appellants "had knowledge of the fact that the trust company made the bonds in small units because it intended to dispose of the bonds, . . . and . . . had [also] actual knowledge of the fact . . . that all of the bonds had been sold," long before appellants made any claim of set-off. Indeed, the promise of appellants, contained in the bonds and the mortgage, to pay to the "successors and assigns," by necessary implication gave appellants' consent to a sale of the bonds by the trust company, if consent was needed, and gave to the purchasers all the rights given by the bonds and mortgage, unaffected by other obligations, if any, then or thereafter existing between appellants and the trust company. As the mortgage was given to secure the payment of the bonds, and for that purpose only, the trust company, after it had sold the bonds, held the mortgage in trust for the purchasers of the bonds, and had itself personally no interest therein.

On September 11, 1931, the trust company was taken over by the secretary of banking. At that time appellants had in it various deposit accounts. On January 29, 1932, they, for the first time, claimed to set off these deposit accounts against their mortgage debt. Then and not until then did their right of set-off arise, and it arose only as to any claim which the trust company then had against them. In the mortgage, however, and the bonds which it secured, the trust company then had no interest. These, as appellants knew, had for years belonged to the owners of the bonds, and against them appellants had no claim.

Appellants contend, however, that, as they never were notified of the sale of the bonds by the purchasers thereof, they could act in regard to them exactly as if no sale had been made. As appellants in fact knew that they had been sold, further notice was not required, especially as, in the bonds and mortgage themselves, appellants impliedly assented to the sale of the bonds. It follows that

the above legal principle, now urged by appellants, had no bearing here. If appellants had not in fact known, the only safe course for the purchasers of the bonds, if they wished to protect themselves fully, would have been to give notice to appellants of the fact of their purchases. As said in Walker v. Emerich, 300 Pa. 9, 12: "It is well settled that the law casts upon the assignee the duty of notifying the obligor or the promisor, in order to protect his rights thereto and prevent the extinguishment of the debt by the payment to the obligee or promisee." So also we decided in O'Maley v. Pugliese, 272 Pa. 356, and many other cases. In the present case, however, we need not consider whether or not appellants' right is limited to the extent stated; under the facts here, as we have already pointed out, they do not even have that right. Appellants have lost nothing but a hoped-for opportunity, by means of the attempted set-off, to recoup the loss they suffered by the failure of the trust company, upon which they placed their reliance. For this, however, the owners of the bonds are in no way responsible.

There is another mortgage, one for $7,000, involved in these proceedings. Appellants alleged it had been paid in full and prayed a decree of satisfaction. As we understand the record, defendants admit the fact of payment, but nothing was done by the court below in regard to the matter, and no reason is given why it was not. In some form of proceeding, however, appellants may be entitled to have this mortgage satisfied. Our order in this case must, therefore, be taken to be without prejudice to appellants' rights in regard to it.

The order of the court below, as respects appellants' claim of set-off, is affirmed, and as to it the appeal is dismissed at the cost of appellants.