North Penn Iron Company v. International Lithoid Company, Appellant.

*Evidence—Proof of writing—Subscribing witnesses.*

Where a paper witnessed by two subscribing witnesses is offered in evidence, and it does not appear that any proper effort was made to secure the testimony of the two subscribing witnesses, the signature to the paper cannot be proved by a person familiar with the handwriting of the signer.

*Assignment—Equitable assignment—Notice.*

A written notice of an assignment of a chose in action served upon the debtor will protect the latter in making payments thereunder, although the assignment itself may not have been served upon him.

Where a licenser of a patent notifies the licensee that he has assigned his rights to royalties under the license to a person named, and that royalties are to be paid to her, the plaintiff in an attachment execution against the licenser must show either that the direction to pay was to one who was the licenser's wife and that she cannot show that it was not in fraud of creditors, or if the payee was not the licenser's wife, that she was one to whom he assigned the royalties in fraud of his creditor's rights.

Argued Jan. 14, 1907. Appeal, No. 200, Jan. T., 1906, by defendant, from judgment of C. P. No. 2, Phila. Co., March T., 1904, No. 83, on verdict for plaintiff in case of The North Penn Iron Company v. Edward C. Brice, defendant, and The International Lithoid Company, garnishee. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Foreign attachment. Before SULZBERGER, P. J.

The facts are stated in the opinion of the Supreme Court.

The court charged in part as follows:

" This is an issue raised under an attachment and arose as follows : The plaintiff got a judgment against one Edward C. Brice, and a little before the attachment was issued and the rights of Brice in the garnishee company were held by virtue of it, they got a paper from Brice, who had then fled from this jurisdiction, or from a person called Sally Brice, who either does or does not exist, and who if she exists, so far as we know, is his wife, saying that the interest in this royalty no longer belongs to him, but belongs to her.   The evidence of the making of that paper is in my judgment not adequate to establish it, but if it were, when a man who is indebted gives his property to his wife the first presumption of the law is that he gets nothing for it, and that in effect it remains within his own control and for his own use, and if that presumption is not to operate, positive evidence to the contrary must be produced. No such positive evidence has been forthcoming.   Therefore, it becomes very immaterial whether Sally Brice does or does not exist, because if she does exist she is only in effect in this proceeding another name for the defendant himself.   Holding this view, it becomes my duty to instruct you to find a verdict for plaintiff for the amount claimed, a statement of which will be handed to you by plaintiff's counsel."

Verdict and judgment for plaintiff for $1,534.37.   Defendant appealed.

*Errors assigned* were (2) in rejecting the notice referred to in the opinion of the Supreme Court ; (4) portion of the charge, quoting it ; and (5) in giving binding instructions for defendant.

*Lewis Lawrence Smith*, for appellant.

*Clifton Maloney*, for appellee.

Opinion by Mr. Justice Brown, April 22, 1907:

In this foreign attachment the plaintiff, a creditor of the defendant, Edward C. Brice, attached moneys in the hands of the garnishee alleged to be due to him as royalties under a license agreement executed by him on June 29, 1901.   By this

agreement he is to receive a minimum royalty of $1,500 every six months. On December 3, 1903, he wrote the garnishee a letter in which he stated: "I take this opportunity of notifying you that on October 5, 1903, I transferred and sold by good and sufficient deed of assignment all my right, title and interest in and to the license issued by me to the International Lithoid Company, on the 29th day of June, 1901, to S. M. Brice. All moneys that become due and payable to me will hence become due and payable to her. S. M. Brice has instructed her attorney, Mr. Joshua Pusey, to serve notice of revocation of the license issued to the International Lithoid Company by me, at the proper time. If you desire to anticipate this notice, kindly make check to the order of S. M. Brice, and mail same to the above address." After the receipt of that letter the royalties accruing under the license agreement were paid to S. M. Brice, the first payment having been made in December, 1903, and the last one in January, 1906.

At the trial the garnishee produced what purported to be the assignment by the defendant to S. M. Brice, referred to in his letter, the same having been handed to it by Joshua Pusey. After proving the defendant's signature to the assignment by a witness familiar with his handwriting, it was offered in evidence, but objected to on the ground that its execution had not been properly proved, the two subscribing witnesses not having been called. This objection was sustained and the assignment excluded. The witnesses to it lived in New York, where it purports to have been executed, and as it did not appear that proper effort had been made to procure their testimony, the court cannot be said to have committed error in not permitting proof of its execution by secondary evidence.

But why should the letter of the defendant of December 3, 1903, to the garnishee have been excluded? The genuineness of his signature to it was properly established by the testimony of a witness familiar with his handwriting, and, if the garnishee had never seen the assignment to which it refers, it would have been sufficient notice and authority from him to pay the royalties to another. He could not recover them if paid in pursuance of such notice, and what he cannot recover his attaching creditor cannot get, provided that his direction to pay them to another was not in fraud of its rights as one of his creditors.

Under no condition could he recover what has been paid S. M. Brice, even if the royalties were a gift to her ; but if a gift to her at a time when he was indebted to the appellee, such gift would be void as to it.   In his charge to the jury, directing a verdict in favor of the plaintiff, the learned trial judge said that even if the execution of the assignment had been properly established, it was to a person, if in existence, who was the wife of the defendant, and that the presumption of the law was that it was a gift to her and void as to creditors.   The assumption of the fact by the court that S. M. Brice is the wife of E. C. Brice was not justified by the evidence.   She may be, but it was not so proven.   The plaintiff offered no testimony on the subject, and from that of the two witnesses called by the garnishee who were asked about Sally Brice, it does not appear that she was his wife.   On the contrary, William D. Yarnall testified that he had lived near the defendant, that he knew his wife, and that her name was Maud C. Brice.   Albert S. Barker, the other witness, testified that Sally M. Brice was said to have been the wife of E. C. Brice, but that he did not know what his wife's name was.

The letter of December 3, 1903, being in itself full authority to the garnishee to pay and full protection from any further claim by the defendant that the royalties be paid to him, it must have the same effect against the claim of the appellee, whose rights rise no higher than his, unless it can show either that the direction to pay was to one who was his wife and she cannot show that it was not in fraud of creditors, or if the payee was not his wife, that she was one to whom he assigned the royalties in fraud of his creditor's rights.

The garnishee is a mere stakeholder of the royalties due under the license agreement and ought not to be subjected to the liability to pay them twice.   Such liability may be incurred if this judgment on a verdict directed by the court is allowed to stand.   The right of the appellant was to have the case go to the jury on the letter.   The second, fourth and fifth assignments are sustained, and the judgment is reversed with a venire facias de novo.