## Dippy *v.* Emerson C. Custis and Company, Appellant.

Argued October 16, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*Harry A. Kalish* of *Murdoch, Paxson & Kalish,* for appellant.

*Benjamin Fertik,* and with him *M. L. Casman,* for appellee.

OPINION BY PARKER, J., February 1, 1935:

This is an appeal from an order discharging a rule to show cause why a judgment entered in an action in assumpsit for want of an affidavit of defense should not be opened.

It has frequently been held by the Supreme Court and this court that, on an appeal from an order refusing to open a judgment, the appellate court will not reverse unless there has been a clear abuse of discretion in the conclusions reached on the facts presented or the law has been misapplied: Mielcuszny v. Rosol, 317 Pa. 91, 176 A. 236; Peters v. Alter, 89 Pa. Superior Ct. 34; Cinnaminson Park Co. v. Laws, 63 Pa. Superior Ct. 189; Thermo Water Lift Co. v. Air Tight S. T. Co., 272 Pa. 91, 116 A. 54.

On January 10, 1934, after the return day of the summons, a copy of plaintiff's statement was served on counsel for the defendant, and on February 7, 1934, judgment was taken by the plaintiff for want of an affidavit of defense. A petition was presented to the court on February 21, 1934, asking to have the judgment opened. Defendant alleged "that Emerson C. Custis, President of Emerson C. Custis & Company, was, because of unusual pressure of duties at the time, unable to prepare information for an affidavit of defense until February 7, 1934," when an affidavit was prepared and defendant attempted to file the same on February 8. It being admitted that the rules of the municipal court required an affidavit of defense to be filed within fifteen days after service of

a copy of the statement of claim, the judgment was properly entered and the reason assigned for granting relief in the petition to open was so wholly inadequate as to require little comment. If pressure of duties were an adequate excuse for a failure of a litigant to comply with regulations fixing the time for filing pleadings, the courts would be seriously embarrassed in the administration of justice. The appellant apparently recognized the insufficiency of the reason assigned in support of the request for the relief, for when depositions were taken the reason assigned in the pleadings was not only abandoned but the proofs offered contradicted such assertion. It was then contended that the failure to file an affidavit of defense was due to neglect of counsel who had up to that time represented the defendant corporation. This fact was disputed by the plaintiff and a clear issue raised which was for the court below to determine. That tribunal has found those facts against the appellant on adequate testimony. Under such circumstances, it could not be said that the court below had abused its discretion or misapplied the law.

The facts as found by the court were substantially that the president of the corporation knew that the statement of claim had been served and that an answer was required in fifteen days, that his attorney called his attention by telephone and in writing to the necessity for an answer, and that notwithstanding these facts an affidavit of defense was not filed. We are all of the opinion that the appeal is without merit.

The order of the court below is affirmed.