Mallisee *v.* Hawkins, Appellant.

Argued April 8, 1936.   Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and STERN, JJ.

*W. T. Tredway,* for appellant.

*Albert Barnes Smith,* for appellee.

PER CURIAM, May 25, 1936:

This is an appeal from the refusal of the court below to open or satisfy a judgment entered on a bond accompanying a mortgage. The review here is limited to a determination of whether the court below abused its discretion; unless its action was manifestly unreasonable or shows a misapplication of the law it will not be reversed: *Mielcuszmy v. Rosol,* 317 Pa. 92.

Although the evidence reveals that in June, 1915, Hawkins, appellant, gave to Phillips, the banker who had originally negotiated the placing of this mortgage, a sum sufficient to retire it, there is little evidence, if any, to prove that Phillips was the mortgagee's agent with authority to accept payment of the principal. The burden of proving agency rested upon appellant: *Lewis v. Matias,* 300 Pa. 238; *Pore v. Duke,* 303 Pa. 528; *Judith v. Dicola,* 317 Pa. 353. As he failed to sustain this burden, the mortgage was not retired by the payment made to Phillips.

It is argued that regardless of whose agent Phillips was, appellee's course of conduct with respect to Phillips's check was such that appellant should be relieved of the burden of this judgment. In the fall of 1925, after the receipt of the money above mentioned, Phillips gave his own check in payment of this mortgage to the appellee. The check was drawn on the Modern State Bank. Appellee deposited this check in another bank in which he carried an account, and subsequently it was returned marked "No funds." Appellant and Phillips were immediately notified of that fact. Eight or ten months later the Modern State Bank closed; no further action was taken by any party until the entry of this judgment.

Appellant contends that it was the duty of appellee to deposit this check in the Modern State Bank and not in the bank actually used, and to present it a second time after it was dishonored. If the law did impose such duties, the record fails to disclose that prejudice resulted to appellant from their disregard. The evidence shows that this check could never have been honored at any time.

However, there is no legal support in either of these arguments. The holder of a check may use another bank as his collecting agent notwithstanding that the drawee bank is one where the holder carries an account. There is no rule which compels the presentation of a check for deposit and payment in the drawee bank merely because that bank is also a depository of the holder's funds.

Equally untenable is the argument that a dishonored check must be presented a second time for payment after its dishonor. The duties of a holder of a dishonored check are set forth in the Act of May 16, 1901, P. L. 194, chapter 7, and nowhere does it impose the duty of presenting a dishonored check for payment a second time.

Decree affirmed at appellant's cost.