## Dozor Agency, Inc., Appellant, *v.* Rosenberg.

Argued January 12, 1966; reargued November 29, 1967. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Jack Brian,* for appellant.

*David Kanner,* for appellee.

*James E. Meneses,* with him *E. S. Lawhorne,* for insurance company, appellee.

OPINION PER CURIAM, October 3, 1968:

Dozor Agency, Inc. (Dozor), a corporation engaged in selling insurance, instituted an equity action in the Court of Common Pleas of Delaware County against Carl Rosenberg (Rosenberg) and World Mutual Health and Accident Insurance Company of Pennsylvania (World).

In this action, Dozor alleged, inter alia, that in 1951 it had employed Rosenberg as a subagent, that he was thereafter promoted to sales manager and later became Dozor's president; in all of these capacities he occupied a position of trust and confidence and had access to all of Dozor's records; in May 1960, Rosenberg resigned from Dozor and, allegedly, took from Dozor's files and possession certain confidential records and data including pertinent information concerning active policyholders of Dozor; that these records and information were taken for Rosenberg's own business interest and that of World by whom Rosenberg had become employed; that both Rosenberg and World made use for their own purposes of Dozor's con-

fidential information, records and property. World and Rosenberg filed preliminary objections to Dozor's complaint which were overruled by the Court of Common Pleas of Delaware County and, on appeals from such order, this Court affirmed the order of the court below. See: *Dozor Agency v. Rosenberg*, 403 Pa. 237, 169 A. 2d 771 (1961).

Thereafter, after hearings and the taking of considerable testimony, the Court of Common Pleas of Delaware County entered a decree which (1) permanently enjoined World and Rosenberg and their agents from making available to any other person or corporation any information obtained by them from confidential information and records of Dozor and (2) awarding damages to Dozor in the amount of $5,000 as compensatory damages and $1,000 as punitive damages. From that decree, Dozor appealed on the ground that the amount of compensatory and punitive damages was inadequate and could not be supported by the evidence of record.

On March 22, 1966, this Court, affirming the injunctive portion of the decree, remanded the case to the court below for a re-evaluation of damages. Thereafter, World and Rosenberg filed a petition for reargument which was denied.

Sometime thereafter, this Court, *sua sponte*, determined that reargument should be held limited to the question of the adequacy of the damages awarded by the court below and such reargument was held.

It is settled beyond question that the findings of fact of a chancellor, approved by the court en banc, are controlling unless the record reveals that such findings of fact are without evidentiary support of record or such findings are premised on erroneous inferences and deductions or an error of law. See: *Bokoch v. Noon*, 420 Pa. 80, 215 A. 2d 899 (1966); *Weiherer v. Werley*, 422 Pa. 18, 221 A. 2d 133 (1966).

We have carefully studied and examined the record in this case. The record reveals sufficient evidence upon which the findings of fact of the chancellor, approved by the court en banc, could be bottomed and we can ascertain no erroneous inferences or deductions or any errors of law. Under such circumstances, for us to require the court below to re-evalute the damages would offend the well-settled rule of this Court as to the effect of a chancellor's findings of fact. Had we been acting in the capacity of the chancellor we might have arrived at a different result as to the amount of compensatory and punitive damages under the factual posture of this matter, yet we must accord controlling weight to the findings of fact made by the chancellor who heard the testimony and who had an opportunity to observe the witnesses.

We must affirm, in its entirety, the decree of the court below.

Decree affirmed. Appellees to pay costs.