334 A.2d 289
**William T. CHARLES and Maxine B. Charles,
his wife, Appellees,**
v.
**B. Hazel HENRY, Appellant.**

Supreme Court of Pennsylvania.

Argued Dec. 6, 1974.

Decided March 18, 1975.

L. Waldo Herritt, Jersey Shore, for appellant.

Lewis G. Steinberg, Lugg & Snowiss, Lock Haven, for appellees.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

EAGEN, Justice.

This is an appeal from a final decree in equity granting the appellees, William T. Charles and Maxine B. Charles, specific performance of an agreement for the sale of a tract of land in Pine Creek Township, Clinton County.

On April 9, 1971, the appellees filed a complaint in equity seeking judicial enforcement of a contract for the purchase of land owned by the appellant, B. Hazel Henry. Attached to the complaint was a copy of a written agreement dated April 14, 1969, and signed by one George Henry, brother to the appellant, purporting to be her lawful agent. This written agreement contemplated the sale of approximately one hundred acres of land belonging to the appellant, with the purchase price being $24,000. The appellant's answer to the complaint denied the agency, stating that George Henry was never "granted the authority . . . to convey title to the premises . . . ." or "had authority to enter into an agreement pertaining to the sale of the premises." Proof of such authority was demanded.

The chancellor, while recognizing there was no proof of a writing authorizing George Henry to act on behalf of the appellant, nevertheless ruled the defense of the Statute of Frauds had not been properly set forth in the pleadings and, hence, was unavailable to the appellant.

He further found the appellees had sustained the burden of establishing George Henry's authority to bind the appellant and, accordingly, ordered the appellant to specifically perform the agreement. Exceptions to the decree of the chancellor were filed and dismissed by the court en banc which directed that the *decree nisi* be entered as a final decree.

The Statute of Frauds clearly requires that an agent's authority to make or create an uncertain interest in land be manifested in writing. Act of March 21, 1772, 1 Sm.L. 389, § 1, 33 P.S. § 1;[1] *Fiegelman v. Parmoff Corp.*, 435 Pa. 461, 464, 257 A.2d 575 (1969). See also *Feingold v. Davis*, 444 Pa. 339, 344, 282 A.2d 291 (1971); *Lehner v. Montgomery*, 180 Pa.Super. 493, 498, 119 A.2d 626 (1956). However, the failure to properly plead the Statute of Frauds at the time and in the manner required renders the defense unavailable at the time of trial. *Martin v. Wilson*, 371 Pa. 529, 533, 92 A.2d 193 (1952); Pa.R.C.P. 1032, 12 P.S. Appendix.[2] This is such a case.

Pa.R.C.P. 1030 provides that all affirmative defenses, including the Statute of Frauds, "shall be pleaded in a responsive pleading under the heading 'New Matter'." In *Brown v. Hahn*, 419 Pa. 42, 213 A.2d 342 (1968), we ruled the Statute of Frauds relating to sales of interests in real estate presents a waivable defense which must be pleaded in accordance with the provisions

1. The statute reads in pertinent part:
   ". . . [A]ny uncertain interest of, in, or out of any . . . lands, . . . made or created by . . . parol, and not put in writing, and signed by the parties so making or creating the same, or their agents, thereunto lawfully authorized by writing, shall have the force and effect of leases or estates at will only, and shall not, either in law or equity, be deemed or taken to have any other or greater force or effect, . . . ."

2. Rule 1032 provides that, subject to certain exceptions not herein applicable, "A party waives all defenses and objections which he does not present either by preliminary objection, answer or reply."

of Pa.R.C.P. 1030.[3]  See also *Blumer v. Dorfman*, 447 Pa. 131, 289 A.2d 463; *Royal Oil & Gas Corp. v. Tunnelton Mining Co.*, 444 Pa. 105, 282 A.2d 384 (1971); *Goldman v. McShain*, 432 Pa. 61, 247 A.2d 455 (1968); *Portnoy v. Brown*, 430 Pa. 401, 243 A.2d 444 (1968).  The reason for the rule requiring notice of the intention to stand on the defense of the Statute of Frauds is evident. The plaintiff is entitled to be informed, before proceeding to the expense and burden of the prosecution of a fruitless trial, whether defendant intends, upon plaintiff's proof of an oral contract, to claim the protection of the Statute of Frauds.  *Martin v. Wilson*, supra, 371 Pa., at 534, 92 A.2d at 195.  Although the appellant, in her answer to the complaint did deny the existence of a lawful agency between herself and George Henry, we view this as inadequate notification to the appellees of appellant's intention to rely upon the Statute of Frauds as a defense.  Her failure to set out, in a responsive pleading under the heading "New Matter", the defense of the Statute of Frauds, was properly relied upon the chancellor in denying the appellant the opportunity to raise the defense.[4]

The appellees, however, asserted that George Henry was the lawful agent of the appellant for the purpose of conveying the premises in dispute.  Therefore, the burden of proving the authority of George Henry to bind the appellant was upon the appellees.  *Mallisee v. Hawkins*, 322 Pa. 58, 59, 185 A. 230 (1936).  See also

3.  We also ruled that where a particular Statute of Frauds operates to bar or destroy a plaintiff's right of action, such statute constitutes grounds for a demurrer and may, alternatively, be raised by preliminary objections.  See Pa.R.C.P. 1017(b)(4) and Pa.R.C.P. 1045(b).

4.  Appellant relies upon *Sferra v. Urling*, 328 Pa. 161, 195 A. 422 (1937), for the proposition that the defense of the Statute of Frauds, herein involved, could properly be raised through procedures other than that detailed in Pa.R.C.P. 1030.  However, as *Sferra v. Urling*, supra, was decided prior to the promulgation of the Rules of Civil Procedure, its determinations, in this regard, can have no continuing vitality.

*Gillian v. Consolidated Foods Corp.*, 424 Pa. 407, 411, 227 A.2d 858 (1967). Our review of the record convinces us the evidence adduced fully supports the chancellor's conclusion that George Henry did possess the requisite authority to bind the appellant.

█ It is clear that the findings of fact of a chancellor, approved by a court en banc, "are controlling unless the record reveals that such findings of fact are without evidentiary support of record or such findings are premised on erroneous inferences and deductions or an error of law." *Dozor Agency, Inc. v. Rosenberg*, 431 Pa. 321, 323, 246 A.2d 330, 331 (1968). See also *Cohen v. Sabin*, 452 Pa. 447, 451, 307 A.2d 845 (1973). This rule is particularly applicable to "findings of fact which are predicated upon the credibility of witnesses, whom the chancellor has had the opportunity to hear and observe, and upon the weight to be given to their testimony." *Scientific Living, Inc. v. Hohensee*, 440 Pa. 280, 286, 270 A.2d 216, 220 (1970). In his evaluation of the testimony, the chancellor apparently placed great emphasis upon certain statements made by the appellant. She testified that her brother, George Henry, took care of the property. She admitted having spoken to Mr. Charles, early in 1969, concerning the possible sale of the property. While the appellant claimed to have told Mr. Charles that she had no intention of selling the property, she conceded having told him to discuss the matter further with her brother. Furthermore, the appellant indicated that the property was for sale if the "right price" were offered. Given this testimony and the control over the property which her brother exercised, we find no error in the chancellor's conclusion that the appellant had orally authorized her brother to act as her agent for the sale of this property.

Decree affirmed. Each side to pay own costs.

POMEROY, J., did not participate in the consideration or decision of this case.