416 A.2d 529

**Rosario SORBELLO**

v.

**Charmian SORBELLO, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 10, 1979.

Filed Dec. 7, 1979.

Petition for Allowance of Appeal Denied June 18, 1980.

Laurence E. Norton, II, Legal Services, Inc., Carlisle, for appellant.

Kent H. Patterson, Harrisburg, for appellee.

Before SPAETH, HESTER and CAVANAUGH, JJ.

CAVANAUGH, Judge:

This is an appeal from an order by the court en banc sustaining exceptions to a decree nisi. The question is whether the court en banc abused its discretion in overruling findings of fact of the chancellor and in substituting other findings in their stead. For the reasons given below we reverse the order of the court en banc and reinstate the decree nisi.

The appellee, Mr. Rosario Sorbello, instituted this action in equity seeking the imposition of a constructive trust with regard to a house and property, hereinafter called the Orchard Road property, that is titled in the name of appellant only. Judge Sylvia Rambo heard the case as chancellor. She denied appellee's prayer for relief and issued a decree nisi on September 27, 1977. A court en banc heard exceptions to the decree nisi and an order and opinion were entered on January 16, 1979, sustaining appellee's exceptions and imposing a constructive trust on the Orchard Road property.

The factual history of this case is involved and highly emotional and need not be developed at great length. The parties were married in 1948 and lived together as man and wife until 1970. In August of 1970 the parties separated and did not live together again as a married couple until February, 1974, when a reconciliation occurred. In the intervening period there were numerous unsuccessful attempts by the parties to resolve their differences and during this period the parties often lived in the same house but not as husband and wife. The crucial factor that lead to the 1974 reconciliation was appellee's demonstration of the sincerity of his intentions by deeding the title of the Orchard

Road property from the parties as tenants by the entireties to appellant alone.[1]

The issues presented gravitate around the purchase of the Orchard Road property. Appellant asserts that the property was purchased by the appellee with funds that came from two sources: first, money that was held jointly by the parties prior to 1970 and was seized by appellee in 1970, second, appellee's share of the proceeds from the sale in 1972 of the Sorbello's previous home.[2] Appellee argues that the Orchard Road house was bought entirely with his own funds.

The 1974 reunion ended in July, 1974, when appellant left the Orchard Road house after being beaten by Mr. Sorbello. Appellant returned to Orchard Road in September, 1974, and stayed until March, 1975, when appellee informed appellant that he wanted a divorce.

This appeal centers on whether appellee seized jointly held money shortly after the 1970 separation and whether the money used to buy the Orchard Road property was entirely appellee's or a joint contribution of the parties. The chancellor below made twenty-four findings of fact. Two of those findings were that the appellee did seize jointly held money and that the Orchard Road property was purchased with jointly owned money confiscated by appellee in 1970.[3] The court en banc sustained exceptions to the above two findings and substituted two findings that appellee did not confiscate any jointly held money in 1970 and that the

1. These facts have been taken from the findings of fact of the chancellor that were approved by the court en banc. These findings are binding upon this court absent a finding of insufficient proof. *Charles v. Henry*, 460 Pa. 673, 679, 334 A.2d 289, 292 (1975).

2. The record indicates that the "seizure" of monies was used in the sense that bonds were cashed and bank accounts closed, though Mrs. Sorbello was unable to specify exactly what was taken.

3. Based upon all of the findings of fact, Judge Rambo denied Mr. Sorbello's prayer for the imposition of a constructive trust as she held that there was no breach of a confidential relationship, no fraud, duress or undue influence and no unjust enrichment with respect to Mrs. Sorbello.

Orchard Road property was bought entirely with appellee's money.[4]

■ Appellant now contends that the court en banc below abused its discretion in sustaining the exceptions to the chancellor's findings of fact and in substituting their own findings in place of the two that were stricken. The scope of review of an appellate court in the present situation has been clearly delineated in *Belmont Laboratories, Inc. v. Heist*, 300 Pa. 542, 151 A. 15 (1930), *mod. on other grounds*, 303 Pa. 7, 154 A. 19 (1931). In that case the Supreme Court of Pennsylvania held that when a court en banc reverses the findings of a chancellor and gives reasons for so doing, it is the duty of appellate court to carefully examine the reasons given, "together with the entire record, and determine whether the action of the court en banc in justified, keeping in mind the weight to which the original findings are entitled and also the reasons given for their overthrow." *Belmont*, 300 Pa. at 548, 151 A. at 17. *See Cameron Estate*, 388 Pa. 25, 130 A.2d 173 (1958), (auditor's findings overruled by a court); *Commonwealth ex rel. Gregory v. Gregory*, 188 Pa.Super. 350, 146 A.2d 624 (1958), (hearing judge overruled by court en banc). A chancellor's findings based upon conflicting oral evidence, given by witnesses which he saw and heard, must be given great weight and disregarded by a court en banc only in a clear case. *Belmont*, 300 Pa. at 548, 151 A. 15.

An examination of the record reveals that the evidence as to whether the appellee seized jointly held monies and whose money was used to purchase the Orchard Road property is conflicting.[5] As to the question of the seizure of joint

4. The court en banc did not have the benefit of the presence of the Chancellor who heard the testimony here as she had left the bench by the time the exceptions were heard.

5. The issue of whether jointly held money was seized is important only if a constructive trust was to be imposed because of unjust enrichment. The court en banc held that there was unjust enrichment here because the Orchard Road property was purchased entirely with his money. The chancellor had found that there was no

assets, appellant testified before the chancellor that appellee took jointly held monies from all sources; that the appellee had told the appellant that he would replace the jointly held money that he had taken; and that appellant could not specify which assets were taken by appellee but that the items were listed in the divorce record. Appellee's testimony to the contrary was that appellant left the marital home and that he was responsible for the care of the expense of maintaining a jointly owned home and support payments to appellant.[6]

■ The record shows that the testimony is also conflicting with respect to the question of the source of the money used to purchase the Orchard Road house. The undisputed evidence is that the house owned by the parties prior to the one on Orchard Road was sold in 1972 and the proceeds were divided between the parties. Appellant received $10,000.00 from that sale and appellee received $7,100.00. Appellee used his $7,100.00 to purchase the Orchard Road home. The dispute here is whose money was used for the balance of the $15,000.00 purchase price. Appellant testified that the appellee used jointly held monies that were seized in 1970. Appellee testified that he used his own funds for the additional amount needed. Appellee attempted to document this contention with evidence of loans from insurance policies that were made about the same time as the purchase of the Orchard Road residence. The problem with appellee's documentation is that the loan amounts total some $5,600.00 when the balance needed was $8,000.00. Appellee also admitted that he had no complete documentation at the hearing to prove from where the $8,000.00 balance came. It is obvious to this court that the evidence presented to the court below was scant and conflicting as to the above issues. Credibility then had to play a large role in the decision

unjust enrichment as to Mrs. Sorbello and that the deeding of Mr. Sorbello's interest to Mrs. Sorbello was a gift.

6. Although the record is not clear on this point, it appears that appellee admitted to taking some jointly held assets, ". . . her primary condition was that I return the money from the savings bonds, knock that out;" (Record at 62).

making process of the chancellor when the testimony is largely oral, as is the case here.[7]

The reasoning of the court en banc for sustaining the exception to finding of fact number two was that there was no evidence that Mr. Sorbello used any substantial amount of joint funds for other than joint obligations. The court en banc did not conclude that the appellee did not take the money but that the money was spent on joint obligations or was not really that much to be concerned about.[8] These additions to the findings of the chancellor would appear to be innocuous at first blush but a review of the record reveals that it can be also inferred that appellee used the money for his own purposes.[9]

We do not believe that a more extensive detailing of the record as to which party should be believed is required at this point. The facts and inferences of this case are far from clear and the chancellor was the only party who saw or heard the witnesses. We then believe that the actions of the court en banc cannot be sustained in light of the evidence on the record. Appellant's evidence here was not voluminous but it was sufficient to send the issue to a jury. The chancellor's findings should not then be overruled simply because the court en banc would reach a different conclusion. *Belmont, supra.*

7. There was a lot of testimony at the hearing concerning the credibility of the parties. There was testimony that Mr. Sorbello physically abused his wife, refused to give her any money and that he refused to end a relationship with another woman. Mr. Sorbello also deeply resented his wife's career as an actress. This is evidence by a will executed by Mr. Sorbello that termed such people as "non-workers and leeches upon society". The will also specified that no actor or actress should be allowed in a dwelling that passed through his will for any purpose whatsoever. There was also testimony as to Mrs. Sorbello's credibility but the issue of credibility was for the chancellor.

8. It must be noted that appellee, Mr. Sorbello, had the burden of proof at the hearing before the chancellor in seeking the imposition of a constructive trust and not Mrs. Sorbello.

9. There was testimony by both parties that appellee had been seeing another woman during the separation and appellant testified that he bought that woman a present on at least one occasion.

■ The above reasoning also applies to the court en banc's disposition of finding of fact number twelve. If one accepts finding of fact number two, then one reasonable inference from that fact is that appellee could have used the seized money to buy the Orchard Road property. Appellee's evidence on this point was not so clear and convincing that a court en banc could properly reverse the findings of the chancellor.

We acknowledge that deciding the issues of fact in a matter such as the one before this Court is difficult. It is specifically for that reason that a chancellor's findings are given such weight as to credibility. In the case at hand credibility was crucial to the adjudication. Accepting the reinstated findings of fact of the chancellor, we find no error of law in her refusal to impose a constructive trust over the Orchard Road property.

The final decree sustaining the exceptions to the chancellor's adjudication is reversed and the findings of fact, conclusions of law and decree nisi are reinstated. The record is remitted to the trial court to enter a final decree in accordance with the nisi decree of the chancellor.

Order of the court en banc reversed and case remanded in accordance with the above instructions.