475 A.2d 147

**FRANKFORD TRUST COMPANY, Appellant,**

**v.**

**STAINLESS STEEL SERVICES, INC. and Philadelphia Iron Works Corporation and Albert D. Stewart, Jr., Albert D. Stewart, III, and Martha E. Stewart.**

Superior Court of Pennsylvania.

Argued Jan. 12, 1984.

Filed April 27, 1984.

Petition for Allowance of Appeal Denied Aug. 7, 1984.

160

John S. Bevan, Paoli, for appellant.

Steven H. Berkowitz, Philadelphia, for appellees.

Before CAVANAUGH, McEWEN and CIRILLO, JJ.

CIRILLO, Judge:

On September 1, 1981, appellant, Frankford Trust Company (hereinafter referred to as "Frankford") entered a confession of judgment against appellees, Stainless Steel Services, Inc., Philadelphia Iron Works Corp., Albert D. Stewart, Jr., Albert D. Stewart, III, and Martha E. Stewart (hereinafter collectively referred to as "Stainless") in the amount of $70,706.25. Shortly after receiving notification of the entry of judgment, Stainless filed a petition to open or strike judgment with the Court of Common Pleas, Philadelphia County. After subsequent responsive pleadings were filed, Stainless, by praecipe, set the matter down for argument. On May 6, 1982, the Honorable Herbert R. Cain, Jr., granted Stainless's petition and opened the confessed judgment. This appeal followed.

On appeal, Frankford contends that the trial court abused its discretion in opening the judgment. After a review of the record, we conclude that the trial court acted properly.

On or about August 27, 1980, Stainless entered into a lease agreement with Commercial Leasing Company (hereinafter referred to as "Commercial") for the leasing of certain heavy duty polishing equipment. Under the terms of the agreement, Stainless agreed to make monthly rental payments to Commercial, and further authorized Commercial to obtain a confession of judgment in the event of default. Although the lease was plain and unconditional on its face, Stainless alleges that Commercial had orally agreed to condition the agreement upon the equipment's satisfactory operation in Stainless's factory. According to Stainless, the equipment did not perform satisfactorily and, as a result, Commercial agreed to the return of the equipment and Stainless's release from further obligation. The agreement to allow for the return of the equipment allegedly occurred in October. The record indicates that the equipment was in fact crated and shipped back to the manufacturer on or about December 22, 1980. Stainless did not make any rental payments thereafter.

While these developments transpired, Commercial had already assigned the lease to Frankford back on August 28, 1980. The record shows that Commercial notified Stainless by letter dated November 26, 1980 that the lease had been "assigned for processing" and that all future rental payments were to be made to Frankford. When Stainless returned the equipment to the manufacturer and thereafter failed to pay rent, Frankford, as assignee of the lease, entered a confessed judgment against Stainless. Frankford appeals from the opening of that judgment.

■ In order to open a confessed judgment, the judgment debtor must act promptly, allege a meritorious defense, and present sufficient evidence of the defense to require submission of the issues to a jury. *First National Bank of Fryburg v. Kriebel*, 311 Pa.Super. 428, 457 A.2d 961 (1983); *Society Hill Towers Owners Ass'n. v. Matthew*, 306 Pa.Super. 13, 451 A.2d 1366 (1982); *Price v. Geller*, 292 Pa.Super. 455, 437 A.2d 763 (1981). Instantly, there is no question raised as to whether Stainless acted promptly in pursuing this matter. Our review focuses on whether a meritorious defense exists and whether Stainless has presented sufficient evidence in support of such defense.

■ Among the defenses to the entry of judgment asserted by Stainless is the argument that the original parties had agreed to abrogate the lease agreement and to release Stainless from its duties thereunder. Such discharge of contractual obligation, if agreed to by both Stainless and Commercial before notice of assignment, would establish a binding and meritorious defense against Frankford's claim as assignee. Under the Pennsylvania Uniform Commercial Code and as a settled principle of contract law an "assignor [Commercial] retains his power to discharge or modify the duty of the obligor [Stainless] ... [until] the obligor receives notification that the right has been assigned and that performance is to be rendered to the assignee [Frankford]." Restatement of Contracts, (Second)

§ 338. 13 Pa.C.S. § 9318;[1] *See also, Provident Trust Co. v. Metropolitan Casualty Ins. Co.,* 152 F.2d 875 (3rd Cir. 1945); *First National Bank of Bangor v. Bangor Trust Co.,* 297 Pa. 115, 146 A. 595 (1929); *Burger v. Freedom Twp.,* 126 Pa.Super. 128, 190 A. 387 (1937); 4 Corbin on Contracts, § 890; 3 Williston on Contracts, § 433 (3rd Ed. 1970).

The important question, therefore, is whether Stainless produced sufficient evidence of its asserted defense to warrant the opening of judgment. Is there sufficient evidence that the lease agreement was abrogated and Stainless excused from its duty to pay rent? Is there sufficient evidence that such discharge of contractual obligation, if any, occurred before Stainless was notified that Commercial had assigned the lease to Frankford?

With regard to proof of the asserted defense, our rules provide that the "court shall dispose of [the motion to open judgment] on petition and answer, and on any testimony, depositions, admissions and other evidence." Pa.R.C.P. 2959(e). "The judgment should be opened where the evidence produced would be sufficient to prevent a directed verdict against" the moving party at trial. *Corson v. Corson's, Inc.,* 290 Pa.Super. 528, 533, 434 A.2d 1269, 1272 (1981) (*quoting Greenwood v. Kadoich,* 239 Pa.Super. 372, 375, 357 A.2d 604, 606 (1976). Thus, "in weighing the sufficiency of [the] evidence, the facts must be viewed in the light most favorable to the petitioner and the Court must accept as true all evidence and proper inferences therefrom supporting petitioner's defense, and must reject the adverse allegations of the opposition." *Greenwood v. Kadoich, supra,* 239 Pa.Superior Ct. at 376, 357 A.2d at 606.

Although no depositions were taken, Stainless did present the trial court with certain documentary evidence. This evidence viewed in a light most favorable to Stainless as the

---

1. Act of November 1, 1979, P.L. 255, No. 86, § 1, effective January 1, 1980; *as amended,* November 26, 1982, P.L. 696, No. 201, § 1, effective in 180 days.

moving party supports the inference that the lease agreement was rescinded or revoked by the original parties prior to the time Stainless received notification that the lease had been assigned. The record suggests that Stainless did not receive notice of the assignment to Frankford until, at the earliest, November 26, 1980. According to Stainless, however, Commercial agreed in October to release Stainless from its contractual obligations if Stainless returned the equipment to the manufacturer.[2] As indicated by several correspondences and bills of lading proffered by Stainless, we know that the equipment was returned on December 22, 1980. (Record at 42a, 45a). From these circumstances, we conclude that the finder of fact could reasonably infer that the equipment was returned only after Commercial had agreed to discharge Stainless from further obligation under the lease.

■ In so holding, we reject Frankford's argument that a "waiver of defenses" clause in the lease agreement precludes Stainless from defending against Frankford's claim. The relevant clause in the lease agreement provides, in pertinent part, that the "Lessee is precluded from asserting against any Assignee of Lessor any defense ... which Lessee may have or acquire *against Lessor.*" (Emphasis added) (Record at 8a). This clause bars Stainless from asserting against Frankford any defense which it may have against Commercial. It does not preempt Stainless from raising any arguments it might have with respect to the assignment itself nor does it prevent Stainless from asserting defenses it may have against Frankford directly.

■ The contention that Stainless was discharged from its obligations under the lease (prior to receiving notice that the lease had been assigned) is a direct defense against Frankford's claim. Generally, an assignee remains at the peril of the subsequent dealings between the original parties until adequate notice of the assignment is given to the

2. Because of the possibility that Stainless' contractual obligations were discharged prior to any communication concerning assignment, we need not consider the adequacy of the November 26 notice.

obligor. 13 Pa.C.S. § 9318(b); *First National Bank of Bangor v. Bangor Trust Co., supra; Burger v. Freedom Twp., supra;  See,* Gilmore, *Assignee of Contract Rights,* 74 Yale L.J. 217 (1974).   If Commercial and Stainless in fact agreed to the rescission or revocation of the lease, Frankford would have to look to Commercial for its sole remedy. Corbin on Contracts, § 890.   Frankford cannot obtain a judgment for unpaid rent from Stainless if the duty to pay rent had been discharged.

██  Finally, we reject Frankford's contention that all of Stainless's possible defenses are eviscerated by the parol evidence rule.   The questions of rescission or revocation, at issue here, are not problems of contract interpretation to which the parol evidence rule applies.   The parol evidence rule does not apply to matters subsequent to the contract. *Nicolella v. Palmer,* 432 Pa. 502, 248 A.2d 20 (1968); *House of Pasta, Inc. v. Mayo,* 303 Pa.Super. 298, 449 A.2d 697 (1982).

In sum, we conclude that there is sufficient admissible evidence of a meritorious defense to avert a directed verdict against Stainless.   Accordingly, we hold that the trial court acted properly in opening the confessed judgment.

Order affirmed.