567 A.2d 715

**In re ESTATE OF Jelester McDANIELS, Sr., Deceased.**

**Appeal of Corene Ford McDANIELS, Widow.**

Superior Court of Pennsylvania.

Argued Oct. 13, 1989.

Filed Dec. 15, 1989.

Paul M. Goltz, Pittsburgh, for appellant.

Arnold H. Cantor, Pittsburgh, for appellee.

Before WIEAND, TAMILIA and HESTER, JJ.

HESTER, Judge:

This appeal concerns the waiver of post-mortem spousal rights pursuant to an agreement dated September 3, 1976, by and between Jelester McDaniels, Sr. and Corene McDaniels, appellant. We affirm the orphans' court determination that appellant validly and intentionally waived her right to elect to take against Jelester's will insofar as the will governs disposition of Jelester's real estate.

Jelester died testate on January 15, 1988, and letters testamentary were granted to Jelester McDaniels, Jr. on March 10, 1988, pursuant to the probate of a document

dated March 11, 1983, as the last will and testament of the decedent. The will devises and bequeaths all of the decedent's property to his son, Jelester, Jr., appellee. On April 28, 1988, appellant filed an election to take against the will as decedent's surviving widow. Appellee, in his capacity as executor of the estate, filed a petition to vacate the notice of the election on the grounds that by agreement dated September 3, 1976, appellant relinquished her right to elect to take against the will. A hearing before the orphans' court was held on September 14, 1988, and the original agreement was admitted into evidence.

The agreement provides as follows. The parties were married on June 16, 1974, and subsequently experienced differences regarding their separately-owned real estate. In the agreement, they wanted to settle and determine for "all time" their mutual property rights and "all other claims or rights" which may have arisen by virtue of their marriage regarding said real estate. In consideration of the mutual relinquishment of the rights of the other to the separate real property of each party, the parties agreed to release and relinquish to the other "any and all rights of dower, curtesy, homestead, or inheritance, as well as any other right or rights that he or she may now or hereafter have in the other parties [sic] real property [1] by reason of the marriage relationship, during the other parties [sic] lifetime or after his or her death."

At the hearing, it was established that the agreement was drafted at appellant's insistence and by her attorney at a time when she was selling real estate owned in her name alone. It also was established that the parties were separated when the agreement was signed, that they subsequently reconciled, separated again, and reconciled again, and that appellant was living with decedent at the time of his death.

---

1. The estate consists of personal property of nominal value and of real property worth approximately $22,000.00.

On February 22, 1989, the orphans' court struck appellant's election to take against the will insofar as decedent's real estate was involved. It rejected appellant's argument that the agreement was a separation agreement which was abrogated by the subsequent reconciliation between appellant and the decedent. The court ruled that it was clear from the record and the deposition[2] of the lawyer who drafted the agreement that the sole purpose of the agreement was to enable appellant to sell her separate real estate. The court rejected the contention that the agreement was a separation agreement since the preamble contained nothing addressing the separation or a divorce and since the agreement dealt solely with settlement of marital rights in individually-owned real property. The court determined that the agreement was a post-nuptial agreement, that it was not abrogated by the parties' subsequent reconciliation, and that appellant's reliance upon *In re Estate of Wagner*, 398 Pa. 531, 159 A.2d 495 (1960), was misplaced.

On April 7, 1989, the court en banc denied appellant's exceptions to the order. This timely appeal followed. On appeal, appellant raises one argument in support of her claim that the agreement is invalid. Her contention is that the agreement was a separation agreement, which was abrogated by the reconciliation of the parties. We reject this as grounds for avoiding the agreement.

Initially, we must examine our standard of review of the decisions of the orphans' court:

[O]n appeal we are bound by the chancellor's findings of fact, particularly if approved by the court en banc, to the same extent as we would be bound by the factual determinations of a jury. The test in either case is whether the findings are adequately supported by the record. The chancellor's findings are entitled to particular weight in a case in which the credibility of the witnesses must be carefully evaluated, because he has had the opportunity

**2.** The lawyer's deposition was admitted into evidence at the hearing.

to hear them and to observe their demeanor on the stand. *Charles v. Henry,* 460 Pa. 673, 334 A.2d 289 (1975). *Stauffer v. Stauffer,* 465 Pa. 558, 351 A.2d 236, 240 (1976).

The agreement is clear. Appellant relinquished any right to or interest in the decedent's real estate. The agreement states that the parties read and understood it. The agreement does not mention separation, and the facts support the orphans' court determination that it was not entered into as the result of the parties' separation or to settle problems resulting from the separation. Instead, the agreement was drafted to enable appellant to sell her separate real property and receive the proceeds of that sale, to the exclusion of the decedent. To achieve that end, appellant relinquished commenserate rights to decedent's real property, including the right to receive any of decedent's property in the event he predeceased her. The agreement was designed to enable appellant to deal with her separate property freely and therefore was characterized correctly by the orphans' court as a post-nuptial agreement. *See In re Ray's Estate,* 304 Pa. 421, 156 A. 64 (1931). Parenthetically, we note that in the provisions relating to relinquishment of the rights at issue, all the typing is capitalized.

The supreme court, in one of the cases relied upon by appellant, clearly states that although a separation agreement "may be annulled by a reconciliation and a resumption ... of the marital relation, this *in every case* is a question of intention," which is to be determined from the parties' statements, conduct and all the surrounding circumstances. *Zlotziver v. Zlotziver,* 355 Pa. 299, 49 A.2d 779, 781 (1946) (emphasis added).

Instantly, appellant received the benefit that she wanted from the agreement. The orphans' court determined that there was no indication that the agreement was to be ineffective upon reconciliation. We will not reverse the determination of the orphans' court. Accordingly, appellant has waived her right to receive any of the real estate in decedent's estate.

Order affirmed.