571 A.2d 431

**SAGE HOLDING CORPORATION Assignee of Paul L. Herron, Assignee of Edward Z. Winkleman and the Estate of Jessie M. Winkleman, Appellants,**

**v.**

**SAGE FOLDING BOX COMPANY, Appellee.**

Superior Court of Pennsylvania.

Argued Jan. 9, 1990.

Filed March 9, 1990.

Stanley M. Poplow, Paoli, for appellants.

Edward Cohen, Philadelphia, for appellee.

Before DEL SOLE, MONTEMURO and TAMILIA, JJ.

MONTEMURO, Judge:

This appeal follows a bench trial in the Court of Common Pleas of Philadelphia County, wherein the court ruled in favor of the appellee, the Sage Folding Box Company. In March of 1986, the Sage Holding Company ("SHC"), an appellant in the present appeal, filed a complaint in mortgage foreclosure against the appellee. It is undisputed that in February of 1982, Willie Johnson, a long time employee

of the appellee, negotiated to purchase all of the issued and outstanding shares of stock of the Sage Folding Box Company from Edward and Jessie Winkleman, both deceased at the time of the bench trial. To this end, a mortgage in the amount of $66,500.00 was executed between the appellee and the Winklemans, and the appellee became obligated to pay monthly installments of $1,670.35. The mortgage was subsequently assigned in June of 1985 to Paul L. Herron, and then to the Sage Holding Company. The complaint in mortgage foreclosure filed in April of 1986 by SHC alleged that appellee had not paid any monthly installments since July of 1982. An answer to the complaint in mortgage foreclosure was filed by the appellee. This answer contained a New Matter which averred that an audit performed after the execution of the $66,500.00 mortgage revealed that Edward Winkleman had not recorded trade debts and taxes owed by the appellee, equalling over $60,000.00. Additionally, it was alleged that the inventory "had a value of $63,000.00." R.R. at 20a. The New Matter further averred that when these facts were disclosed to Edward Winkleman, it was orally agreed between Edward Winkleman and Willie Johnson that the $66,500.00 mortgage would be deemed satisfied if the appellee would assume the previously unrecorded trade debts and taxes. *Id.* at 21a.

The record before us contains a reply to the New Matter, which SHC filed on July 11, 1986. In the reply, SHC denied that any oral agreement had been reached between Winkleman and Johnson concerning the satisfaction of the mortgage. On appeal, appellants contend that the trial court erred when it admitted evidence concerning the alleged oral agreement as such an agreement, even if proven to have been made, is violative of the Statute of Frauds. The trial court held, *inter alia,* that appellants had waived the Statute of Frauds defense because it was not raised until the time of trial. We agree.

It is well settled that the Statute of Frauds relating to interests in land is a declaration of public policy and can be waived if it is not raised in the pleadings of a case.

*Target Sportswear v. Clearfield Foundation,* 327 Pa.Super. 1, 10, 474 A.2d 1142, 1150 (1984). "This waiver rule has been strictly adhered to by our courts." *American Leasing v. Morrison Co.,* 308 Pa.Super. 318, 324, 454 A.2d 555, 558 (1982). In most cases, it is the defendant who, by way of a New Matter, raises the Statute of Frauds defense. Our Supreme Court has recognized:

> The plaintiff is entitled to be informed, before proceeding to the expense and burden of the prosecution of a fruitless trial, whether defendant intends, upon plaintiff's proof of an oral contract, to claim the protection of the Statute of Frauds.

*Charles v. Henry,* 460 Pa. 673, 678, 334 A.2d 289, 291 (1975).

The instant case is somewhat unusual, because it was the plaintiffs, appellants herein, who intended to affirmatively rely upon the Statute of Frauds. This, however, did not relieve the appellants from their obligation to specifically raise the Statute of Frauds in the pleadings prior to trial. In this case, plaintiffs failed to include the defense in the Reply to New Matter or, for that matter, in any paper filed with the trial court prior to trial.[1] Thus, the defense is deemed waived. We reject the argument that because the Statute of Frauds is to be raised by way of New Matter under Pa.R.C.P. 1030, and because a reply is not to contain a New Matter, appellants were completely relieved from the duty to raise the Statute of Frauds defense. This view is

---

1. We note that in Goodrich–Amram 2d § 1030:4, the content of a plaintiff's reply to new matter is discussed. This text, in footnote 10, includes the following case citation and synopsis which is procedurally analogous to the case at bar:

In Balaban v Howard, 61 York Leg Rec 57, 10 Fayette LJ 116 (1947), plaintiff filed a complaint in ejectment, to which defendant filed an answer including "new matter" which set up an oral conveyance. Plaintiff replied to this new matter, and then moved for judgment on the pleadings. The court ruled that plaintiff was not barred from raising the question of the statute of frauds on the argument of the motion for judgment even though plaintiff did not plead it as "new matter" in the reply. Since reply to new matter is the closing pleading, and no counterreply is permitted thereto, the setting up of "new matter" in the reply in such a case would be a useless act.

patently unreasonable in light of the general rule of law requiring the party intending to affirmatively rely upon the Statute of Frauds to specifically raise it prior to trial. Additionally, Pa.R.C.P. 1032 provides that, subject to certain exceptions not relevant in the instant case: "A party waives all defenses and objections which he does not present either by preliminary objection, answer or reply." This case is readily distinguishable from cases where the Statute of Frauds was specifically raised in the pleadings, although not by way of the proper pleading. *See Brown v. Hahn*, 419 Pa. 42, 213 A.2d 342 (1965) (even though defendants erred procedurally in raising defense of statute of frauds by way of preliminary objections, defense would not be deemed waived due to confusion as to the proper procedure for raising the defense); *In Re Estate of Brojack*, 321 Pa.Super. 154, 467 A.2d 1175 (1983) (statute of frauds was raised in a trial court brief). The instant case involves no mention of the Statute of Frauds on the part of appellants until the day of trial. A finding of waiver is thus appropriate under the circumstances. *See American Leasing v. Morrison Co., supra.*

■ In addition to the issue concerning the Statute of Frauds, appellants contend generally that insufficient evidence was presented at trial to prove the existence of the oral agreement. Initially, we note that our record does not contain an original transcript of the bench trial which was held in the present case, although it is evident from an examination of appellants' notice of appeal documents that appellants apparently did comply with the requirements of Pa.R.A.P. 1911 in ordering the transcript. A copy of the trial transcript does appear in our Reproduced Record. This omission from our original record does not prevent us from disposing of this appeal, however, because appellants' argument necessarily attacks the trial court's assessment of credibility. Credibility is a matter which rests within the sound discretion of the trial court. In this matter, the trial court viewed Willie Johnson's testimony that the mortgage was considered by the parties thereto as satisfied as credi-

ble testimony. The trial court found that other testimony corroborated Johnson's testimony: Winkleman never demanded payment of the loan or instituted legal action to attempt to collect the monies; Edward Winkleman loaned appellee $20,000.00 two years *after* the execution of the $66,500.00 mortgage even though only two payments had been made on the mortgage by appellee.

▪ Finally, appellants contend that the evidence concerning the oral agreement was inadmissible under the parol evidence rule. The trial court correctly responded to this claim in the following manner: "... the testimony of Johnson is not barred by the parol evidence rule since it was not offered to modify the bond and mortgage, but to demonstrate that the mortgage debt was satisfied...." Op. of Trial Court, August 25, 1989, at 8.

Judgment affirmed.